Citation Nr: 1045624 
Decision Date: 12/06/10 Archive Date: 12/14/10

DOCKET NO. 08-33 148 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office 
in Boston, Massachusetts

THE ISSUE

Entitlement to service connection for a bilateral knee 
disability.

REPRESENTATION

Veteran represented by: Massachusetts Department of 
Veterans Services

ATTORNEY FOR THE BOARD

J. W. Kim, Counsel

INTRODUCTION

The Veteran had active service from September 1942 to February 
1946.

This matter comes before the Board of Veterans' Appeals (Board) 
on appeal from a September 2007 rating decision issued by the 
Department of Veterans Affairs (VA) Regional Office (RO) in 
Boston, Massachusetts.

In May and September 2010, the Board remanded the claim to the 
RO, via the Appeals Management Center (AMC) in Washington, DC, 
for additional development. 

The Board notes that the Veteran has also raised a claim 
of service connection for a bilateral foot disability. 
This has not yet been adjudicated by the RO and is 
referred for appropriate action. 

Please note this appeal has been advanced on the Board's 
docket pursuant to 38 C.F.R. § 20.900(c) (2010). 
38 U.S.C.A. § 7107(a)(2) (West 2002).

FINDING OF FACT

The competent evidence does not show that the Veteran's bilateral 
knee disability had its onset in service or within one year 
thereafter, or that it is otherwise related to any incident of 
service.

CONCLUSION OF LAW

The criteria for service connection for a bilateral knee 
disability have not been met. 38 U.S.C.A. §§ 1101, 1110, 1112, 
1113, 1137 (West 2002); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2010). 

REASONS AND BASES FOR FINDING AND CONCLUSION

Veterans Claims Assistance Act

As provided for by the Veterans Claims Assistance Act of 2000 
(VCAA), VA has a duty to notify and assist claimants in 
substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 
5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2009); 38 C.F.R. 
§§ 3.102, 3.156(a), 3.159 and 3.326(a) (2010). 

Proper notice from VA must inform the claimant of any information 
and medical or lay evidence not of record (1) that is necessary 
to substantiate the claim; (2) that VA will seek to provide; and 
(3) that the claimant is expected to provide. 38 C.F.R. 
§ 3.159(b)(1); Quartuccio v. Principi, 16 Vet. App. 183 (2002). 

In addition, the notice requirements of the VCAA apply to all 
elements of a service-connection claim. Accordingly, notice must 
include information that a disability rating and an effective 
date for the award of benefits will be assigned if service 
connection is awarded. See Dingess/Hartman v. Nicholson, 19 Vet. 
App. 473 (2006). 

VCAA notice must be provided prior to an initial unfavorable 
decision on a claim by the RO. Mayfield v. Nicholson, 444 F.3d 
1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 
(2004). Where complete notice is not timely accomplished, such 
error may be cured by issuance of a fully compliant notice, 
followed by readjudication of the claim. See Mayfield v. 
Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); see also Prickett v. 
Nicholson, 20 Vet. App. 370, 376 (2006).

Here, the Veteran was sent a letter in July 2007 that fully 
addressed all notice elements and was issued prior to the initial 
RO decision in this matter. The letter provided information as 
to what evidence was required to substantiate the claim and of 
the division of responsibilities between VA and a claimant in 
developing an appeal. Moreover, the letter informed the Veteran 
of what type of information and evidence was needed to establish 
a disability rating and effective date. Accordingly, no further 
development is required with respect to the duty to notify.

Next, VA has a duty to assist the Veteran in the development of 
the claim. This duty includes assisting him in the procurement 
of service treatment records and pertinent treatment records and 
providing an examination when necessary. 38 U.S.C.A. § 5103A; 
38 C.F.R. § 3.159. 

The Board finds that all necessary development has been 
accomplished, and therefore appellate review may proceed without 
prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 
(1993). The claims file contains the Veteran's service treatment 
records, as well as post-service reports of VA and private 
treatment and examination. Moreover, the Veteran's statements in 
support of the claim are of record. The Board has carefully 
reviewed such statements and concludes that no available 
outstanding evidence has been identified. The Board has also 
perused the medical records for references to additional 
treatment reports not of record, but has found nothing to suggest 
that there is any outstanding evidence with respect to the 
Veteran's claim. 

In a September 2010 remand, the Board requested that the RO 
obtain VA medical records and schedule the Veteran for a VA 
examination to determine the etiology of his claimed disability. 
The AMC obtained the requested records in September 2010 and 
attempted to afford the Veteran a VA examination later that 
month. 

In a September 2010 letter, the AMC advised the Veteran that the 
nearest VA medical facility will notify him of the date, time, 
and place of his examination in connection with his claim. The 
AMC also advised him that failing to report to a scheduled VA 
examination may result in a denial of his claim. The record then 
indicates that the Veteran declined the VA joints examination. 
In an October 2010 supplemental statement of the case (SSOC), in 
continuing to deny the claim, the RO noted that he had declined 
the examination. The RO indicated that the Veteran's reason for 
declining the examination was not evident and that no good cause 
had been shown to reschedule. In response, the Veteran indicated 
that he had no additional evidence regarding his appeal and asked 
that his appeal be forwarded immediately to the Board. Given the 
above, the Board finds that the Veteran does not wish to undergo 
a VA examination. In this regard, VA's duty to assist is not a 
one-way street. If a Veteran wishes help in developing a claim, 
he cannot passively wait for it in those circumstances where he 
may or should have information that is essential in obtaining 
putative evidence, such as appearing for an examination. See 
Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). Accordingly, 
the Board finds that no further duty to assist in providing an 
examination is needed, in compliance with the September 2010 
remand. See Dyment v. West, 13 Vet. App. 141, 146-47 (1999).

The Board acknowledges that the September 2010 letter to the 
Veteran from the AMC listed the issue on appeal erroneously as 
service connection for bilateral hearing loss. However, a 
reasonable person would have known that it this was in error. 
Further, the AMC's request for an examination to the Boston VA 
Medical Center (VAMC) correctly identified the issue as service 
connection for a bilateral knee disability, and it was this 
request that was used by the VAMC in attempting to schedule the 
Veteran for a joints examination. Thus, the Board finds that the 
Veteran understood that he was declining an examination of his 
knees.

For the above reasons, no further notice or assistance to the 
Veteran is required to fulfill VA's duty to assist the Veteran in 
the development of the claim. Smith v. Gober, 14 Vet. App. 227 
(2000), aff'd, 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. 
Principi, 15 Vet. App. 143 (2001).

Analysis

Service connection may be granted for disability resulting from 
disease or injury incurred in or aggravated by active service. 
38 U.S.C.A. § 1110 (West 2002); 38 C.F.R. § 3.303(a) (2010). If 
arthritis is manifested to a degree of 10 percent within one year 
after separation from service, the disorder may be presumed to 
have been incurred in service. 38 U.S.C.A. §§ 1101, 1112, 1113, 
1137 (West 2002); 38 C.F.R. §§ 3.307, 3.309 (2010). Service 
connection may be also granted for any disease diagnosed after 
discharge when all of the evidence, including that pertinent to 
service, establishes that the disease was incurred in service. 
38 C.F.R. § 3.303(d).

In general, establishing service connection requires medical or, 
in certain circumstances, lay evidence of (1) a current 
disability; (2) an in-service incurrence or aggravation of a 
disease or injury; and (3) a nexus between the current disability 
and the in-service disease or injury and. See Davidson v. 
Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

The determination as to whether the requirements for service 
connection are met is based on an analysis of all of the evidence 
of record and the evaluation of its credibility and probative 
value. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 3.303(a). 
See Baldwin v. West, 13 Vet. App. 1 (1999). 

In this case, on his June 2007 claim for benefits, the Veteran 
indicated that his bilateral knee disability was due to the 
constant crawling on his knees that he did for the two years he 
served on the front lines in Europe during World War II.
Additionally, on his October 2008 VA Form 9, he stated that he 
served as a radio operator, which involved crawling on his knees 
for two years on the front lines during World War II. He further 
noted that he his knees have bothered him ever since leaving the 
military but that he just learned to cope with his symptoms.

The Veteran's service treatment records are silent to any 
complaints of knee pain during active service, and examinations 
upon enlistment and discharge noted no musculoskeletal defects.

A separation qualification record reflects that the Veteran 
served as a radio operator installing and operating field radio 
transmitting and receiving equipment, sending and receiving 
messages by Morse code and voice.

A May 1951 letter from a health care facility run by the 
Commonwealth of Massachusetts noted complaints of knee pain, with 
a sudden onset of right knee pain of one week's duration and left 
knee pain developing over the last three days. X-rays of the 
knees showed no evidence of fracture, dislocation, or other joint 
or bone pathology. The letter referenced an orthopedic 
consultation conducted about two weeks earlier reflecting reports 
of similar knee pain during active service, for which he reported 
to sick call on several occasions without relief. The provider 
believed that the Veteran's complaints were related to his third-
degree weak feet and pronation of the ankles, and that his foot 
condition was causally related to his active service.

VA treatment records dated November 2002 to June 2007 reflect 
complaints of bilateral knee pain. In a June 2007 record, the 
Veteran reported damaging his knees during active service when he 
was crawling around. The physician noted that the Veteran 
underwent left knee replacement and complained of pain in both 
knees.

A letter from the Veteran's VA physician received in October 2008 
noted that the Veteran had been a radio operator in the German 
theater during World War II, which required him to crawl on his 
knees on the front lines for two years to report enemy positions. 
The Veteran had undergone a left knee replacement due to 
arthritis. He currently had a gait disorder and could not 
ambulate due to his knee arthritis. As a result, he used a wheel 
chair for mobility.

Given the above, the Board requested a VA examination to 
determine the etiology of the Veteran's current bilateral knee 
disability and gait abnormality. However, as discussed earlier, 
the Veteran declined the VA examination. Thus, the Board will 
proceed with the appeal based on the evidence of record, which is 
negative for competent, probative evidence of a link between his 
knee disability and service. 38 C.F.R. § 3.655.

In sum, there is no evidence of a knee disability in service or 
until 5 years thereafter. Furthermore, there is no competent 
medical evidence linking the current knee disability to service. 
Thus, the Board finds that the Veteran's bilateral knee 
disability did not have its onset in service or within one year 
thereafter, and it is not related to any incident of service.

Regarding the May 1951 opinion relating the Veteran's bilateral 
knee disability to service via a foot condition that was causally 
related to service, the Board notes that a foot condition was not 
shown in service. Thus, as the opinion is not supported by the 
evidence of record, the Board finds that it therefore has no 
probative value. See Reonal v. Brown, 5 Vet. App. 458, 461 
(1993); Swann v. Brown, 5 Vet. App. 229, 233 (1993). Moreover, 
to date, service connection for a foot condition has not been 
established; therefore, service connection for a knee disability 
on a secondary basis is precluded.

The Board has considered the VA medical records and letter from 
the Veteran's treating physician noting that the Veteran injured 
his knees in service from crawling on the front lines during 
World War II. In this regard, the Board observes that crawling 
activity appears consistent with the Veteran's duties as a radio 
operator. Thus, the Veteran's statements as to in-service 
crawling are deemed credible, as they are consistent with the 
circumstances of his service. 38 U.S.C.A. § 1154(a). However, 
while the Board here concedes that the Veteran engaged in 
crawling activity during service, the evidence simply fails to 
show that any chronic knee disability arose as a result of such 
activity. The medical evidence to this effect, including the 
letter from the Veteran's treating physician, fails to account 
for the normal findings and absence of complaints upon separation 
or for several years thereafter. As such, that medical evidence 
does not enable a grant of service connection here. It had been 
determined by the Board in the earlier remand that such evidence 
did raise the question as to a relationship between the current 
disability and active service. However, the Veteran declined to 
report for a VA examination intended to more definitively explore 
this point. The evidence of record in the absence of such an 
examination does not sufficiently establish a causal relationship 
to service and thus cannot enable a grant of service connection 
here.

The Board acknowledges the Veteran's assertion that he has had 
problems with his knees since service. The Veteran is competent 
to give evidence about observable symptoms such as pain. Layno 
v. Brown, 6 Vet. App. 465 (1994). Furthermore, lay evidence 
concerning continuity of symptoms after service, if credible, is 
ultimately competent, regardless of the lack of contemporaneous 
medical evidence. Buchanan v. Nicholson, 451 F.3d 1331 (Fed. 
Cir. 2006). However, to the extent that he is claiming to have 
experienced continuous knee pain since service, he is not found 
to be credible. Again, his discharge examination report reflects 
no musculoskeletal defects. Moreover, there is no medical 
evidence of knee problems after discharge until May 1951, and 
then none until November 2002. Lastly, if he had experienced 
knee pain continuously since service, it would be reasonable to 
expect that he would have filed a disability claim much sooner 
than in June 2007. Indeed, he raised a claim of service 
connection for a skin disability as early as 1946, so he clearly 
understood the claims process. For all these reasons, the Board 
finds that the statements alleging or implying continuity of 
symptoms are not credible here. Therefore, continuity of 
symptomatology is not established by either the competent 
evidence or the Veteran's own statements. Moreover, as discussed 
previously, there is no competent, probative evidence relating 
the current bilateral knee disability to service.

Thus, service connection for a bilateral knee disability is 
denied. In reaching this conclusion, the Board has considered 
the applicability of the benefit-of-the-doubt doctrine. However, 
as the preponderance of the evidence is against the claim, that 
doctrine is not applicable. See 38 U.S.C.A. § 5107(b) (West 
2002); 38 C.F.R. § 3.102 (2010); Gilbert v. Derwinski, 1 Vet. 
App. 49 (1990).

ORDER

Service connection for a bilateral knee disability is denied.

____________________________________________
ERIC S. LEBOFF
Acting Veterans Law Judge, Board of Veterans' Appeals

 Department of Veterans Affairs